The judgment of the court was pronounced by
Slidell, J.
The heirs of Trudeau leased a store to Staples for one year from 1st November, 1849, at a rent of $150 per month, payable monthly. Robinson, a creditor of Staples, obtained a judgment against him, and caused a fieri facias to be levied upon the stock in trade of Staples (who kept a drug shop on the premises), and also upon all the shop furniture. The stock, &c. being advertised for sale by the sheriff, the lessor who had received only part of the rent that had fallen due, took a rule upon the plaintiff to show cause why the proceeds of the sale about to be made, to the amount of the entire rent due and to become due, should not be paid to them as privileged creditors. After hearing, the district judge maintained the privilege, and decreed that the amount of rent due should be paid forthwith to the lessors out of the proceeds of sale ; and that the sheriff should pay them out of the proceeds a sum of $150 at the end of each month thereafter, up to the 1st .November, 1850.
The plaintiff has appealed; and, while-he admits the>corractness of the.decree as to the rent matured, contends that there was error in the allowance of privilege for the rent not due.
We think there is no error in the judgment to the prejudice of the appellant. The article 2675 of the Civil Code declares, that the lessor has, for the payment of his rent and other obligations of the lease,- a right of pledge on the movable effects of the lessee which are found on the property leased. The language is general and cannot be restricted to rent due. The right to levy a provisional seizure, even before the rent be due, is given by the statute of 1839 to the lessor who has reason to believe that his tenant is about to remove his property. We do not consider this statute as creatingithe,privilege, but providing a conservative remedy for its enforcement. It is not, thei’efore, well ai’gued by plaintiff’s counsel that the lessor's cannot have their privilege in this case because they did not make a provisional seizure under the statute. The proceeding was unnecessary, the properly being ahead y '“in cusio&ia'legis” under the fieri facias. Another creditor threatened to absox-b, by his proceedings, the lessor’s security, and if they were not permitted to protect their privilege prospectively, ithe security would have been lost. It is only when the landlord’s-security is not endangered that he is obliged to wait until the rent falls due.
Judgment affirmed, with costs.